IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL BETTENCOURT,

        Petitioner,               No. CIV S-08-1105 GEB GGH P

    vs.

D. K. SISTO, et al.,

        Respondents.          <u>FINDINGS AND RECOMMENDATIONS</u>

                             /

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the original petition filed May 20, 2008. Petitioner challenges the 2002 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

        Pending before the court is respondent's July 17, 2008, motion to dismiss on grounds that this action is barred by the statute of limitations. For the following reasons, the court recommends that respondent's motion be granted.

        The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

/////

/////

1

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In parole cases, the date that triggers the federal statute of limitations is the date on which the factual predicate of the claims could have been discovered, which is usually the date petitioner learns the result of the administrative appeal of the denial of parole. Redd v. McGrath, 343 F.3d 1077, 1082-83 (9th Cir. 2003). In the instant case, petitioner's administrative appeal was denied on April 8, 2003. See Motion to Dismiss, Exhibit 1. Petitioner had one year from that date to file a timely federal petition. The instant action, filed May 20, 2008, is not timely unless petitioner is entitled to statutory or equitable tolling.

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

////

////

////

////

On June 4, 2004, petitioner filed his first state habeas petition challenging the 2002 BPH decision. <u>Id.</u>, Exhibit 2. Although this petition does not contain a proof of service, it was signed by petitioner on May 19, 2004. <u>Id.</u>  Therefore, even with benefit of the mailbox rule, petitioner filed this petition more than one year after April 8, 2003. Because the limitations period had already run when petitioner began pursuing his state post-collateral relief, petitioner is not entitled to statutory tolling. <u>Jiminez v. Rice</u>, 276 F.3d 478 (9th Cir. 2001).

In neither the petition nor opposition to the pending motion does petitioner make an argument in support of equitable tolling. Instead, petitioner argues that because he is challenging the decision by the California Court of Appeal reversing the decision by the Superior Court to grant his petition, the limitations period should run from the date of the state appellate decision.[1]  As noted by respondent in the reply to petitioner's opposition, the state court's ruling is not the factual basis of petitioner's claims pursuant to 28 U.S.C. § 2244(1)(D). <u>See</u> <u>Redd</u>, 343 F.3d at 1082-1084. Rather, petitioner learned the factual predicate of his claim on the date his administrative appeal became final. <u>Redd</u>, 343 F.3d at 1082-1084.

For the reasons discussed above, the court finds that the instant action is barred by the statute of limitations.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's July 17, 2008, motion to dismiss (# 6) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

---

[1] The Superior Court did, in fact, grant petitioner's state habeas petition. <u>See</u> Motion to Dismiss, Exhibit 3. The California Court of Appeal reversed this decision. <u>Id.</u>, Exhibit 5.

1 | that failure to file objections within the specified time may waive the right to appeal the District
2 | Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 | DATED: 10/14/08

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

5 | bett1105.157